## MATTER OF VALBUENA

### In Deportation Proceedings

### A-20045995

### Decided by Board July 24, 1975

Respondent, who was admitted to the United States temporarily as a sheepherder on the basis of an approved visa petition filed by the Western Range Association, and who, after being laid off because his employer did not have enough work for him to do, took employment outside the Association and outside the industry which had petitioned for him, has violated the conditions of his nonimmigrant status and is subject to deportation under section 241(a)(9) of the Immigration and Nationality Act. Notwithstanding a contract between the petitioning Association and respondent may have contained a provision requiring action by the Immigration and Naturalization Service to attempt to transfer respondent to another association or employer if efforts of the Western Range Association or respondents to do this failed, the Service is not bound by such provision since it was not a party to the contract and would not have had any authority to seek other employment for the respondent.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status—sheepherder.

ON BEHALF OF RESPONDENT: Gerald L. McVey, Esquire
30 Hotaling Place
San Francisco, California 94111

This case has been certified to us by the immigration judge, who terminated proceedings against the respondent on November 10, 1972 in reliance upon our decision in *Matter of Garde-Mugueta*, A-17290404, unreported (BIA May 4, 1957). The Immigration and Naturalization Service did not appeal from the immigration judge's decision. We shall reverse the immigration judge's decision and remand the case to him for reopened proceedings.

The alien respondent is a native and citizen of Spain who was admitted temporarily as a sheepherder on April 29, 1970. He was the beneficiary of an approved visa petition filed by the Western Range Association (hereafter the Association). He worked for several members of the Association until May 1972, when he was laid off because his employer did not have enough work for him to do. When he sought a new placement from the Association, he was informed that he would

have to go north. Fearing a recurrence of the ill health he had experienced previously when he had gone north to work, he requested an assignment in California but was told there was no work there. He then tried unsuccessfully to find employment as a sheepherder on his own, finally accepting a position on a cattle ranch. In October 1972 he again approached the Association, requesting work as a sheepherder, but was told that his case was in the hands of the Immigration and Naturalization Service.

The immigration judge terminated these proceedings on the basis of our decision in *Matter of Garde-Mugueta*, supra, another case involving a sheepherder and the Western Range Association. In that opinion we quoted from the contract between the Association and the herder, which contained a provision requiring action by the Immigration and Naturalization Service to attempt to transfer the herder to another association or employer if the efforts of the Western Range Association and the herder to do this failed. In that case we terminated proceedings on the ground that this provision had not been complied with. We now recede from our holding in *Matter of Garde-Mugueta*, supra.

The contract between the respondent and the Western Range Association is not part of the record. Regardless of whether it was identical with the contract referred to in *Garde-Mugueta*, it is clear that the Immigration and Naturalization Service was not a party to it. The Service was thus not bound by its provisions, and would not have had any authority to seek other employment for the respondent.

The respondent admits that he took employment outside the Association and outside the industry which had petitioned for him. This is clearly a violation of his status. We shall remand the case to the immigration judge for the entry of a new decision and for the consideration of any applications for discretionary relief which may be made.

[1] ORDER: The decision of the immigration judge is reversed, and the case is remanded to the immigration judge for further proceedings in accordance with the above opinion.

---

[1] Board Member Irving A. Appleman abstained from consideration of this case.